UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-20050-CR-ALTONAGA/DAMIAN

UNITED STATES OF AMERICA,

v.

JANCER SERGIO RAMOS VALDES,

    Defendant.
_____/

**REPORT AND RECOMMENDATION ON CHANGE OF PLEA**

    THIS CAUSE is before the Court following an Order of Referral from the Honorable Cecilia M. Altonaga, Chief United States District Judge, to conduct a proceeding for acceptance of a guilty plea by Defendant, Jancer Sergio Ramos Valdes ("Defendant") [ECF No. 479]. Based upon the change of plea hearing conducted on September 21, 2023, the undersigned makes the following findings and recommends that the guilty plea be accepted.

    1.    The undersigned advised Defendant of his right to have these proceedings conducted by Judge Altonaga, the District Judge assigned to the case, and that the undersigned was conducting the change of plea hearing pursuant to an Order of Reference from Judge Altonaga. I further advised Defendant that Judge Altonaga would be the sentencing judge and would make all findings and rulings concerning Defendant's sentence. I advised Defendant that he did not have to permit the undersigned United States Magistrate Judge to conduct this hearing and could request that the change of plea hearing be conducted by Judge Altonaga. Defendant, who stated that he had discussed his right to have the hearing conducted by the District Judge with his attorney and the Assistant United States Attorney, consented on the record to the undersigned conducting the change of plea hearing.

2. Defendant was placed under oath and appeared before the undersigned personally in open court. The plea colloquy was conducted in accordance with the outline set forth in the Bench Book for District Judges and in accordance with Federal Rule of Criminal Procedure 11.

3. Defendant was advised of his rights as set forth in Federal Rule of Criminal Procedure 11(b)(1)(B)–(E), and he acknowledged that he understood those rights, discussed them with his counsel, and is knowingly and voluntarily waiving them.

4. Defendant indicated he is knowingly and voluntarily pleading guilty to Count 1 of the Second Superseding Indictment filed in this case, which charges him with Racketeer Influenced and Corrupt Organization Conspiracy, in violation of Title 18, United States Code, Section 1962(d). [ECF No. 355]. I advised Defendant the maximum penalty the Court may impose, pursuant to Title 18, United States Code, Section 1963(a), is a term of up to 20 years imprisonment, followed by supervised release of up to 3 years. I further advised Defendant that, in addition to any term of imprisonment and supervised release, the Court may impose a fine of up to $250,000, may order forfeiture and restitution, and will assess a mandatory special assessment of $100, which is due at the time of sentencing. Defendant acknowledged that he understands the possible penalties the Court may impose, including the statutory maximum penalties that could be imposed, as well as forfeiture.

5. Defendant acknowledges that he agrees to pay restitution to all victims in this case, including the victims of the conspiracy charged in Count 1 of the Second Superseding Indictment, in accordance with a schedule to be set by the Court at the time of sentencing.

6.      Defendant also acknowledged that he understands the Sentencing Guidelines and that he has discussed with his attorney the applicable guidelines range, as well as applicable departures.

7.      Defendant stated that his decision to plead guilty is voluntary and not the result of force, threats, or promises.

8.      To set forth the factual basis for the entry of the plea, the Government proffered the facts it would have established at trial. [ECF No. 485]. The Government established all the essential elements of the crime to which Defendant is pleading guilty. Defendant and his counsel agreed that the facts proffered by the Government satisfy all elements of the crime charged, and Defendant and his counsel agreed the Government had provided evidence in discovery that supports the facts proffered by the Government.

9.      The parties entered into a written plea agreement that was thereafter filed with the Court. [ECF No. 486]. The plea agreement includes certain terms agreed by the parties.

10.     I reviewed the terms of the written plea agreement on the record, including the following: Defendant will plead guilty to Count 1 of the Second Superseding Indictment, and the Government will seek dismissal of Counts 2, 4–6, 8–13, 15–19, 21–23, and 25–27 of the Second Superseding Indictment after sentencing; the parties agree that they will jointly recommend at sentencing that the Court reduce by two levels the applicable Sentencing Guidelines level based upon the Defendant's recognition and affirmative and timely acceptance of personal responsibility; the parties agree that, if at the time of sentencing, Defendant's offense level is determined to be 16 or greater, the United States Attorney's Office will file a motion requesting an additional one-level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, as long as Defendant complies with the obligations set forth in the

plea agreement; and the parties agree that the Government will recommend that Defendant be sentenced at the low end of the guideline range.

11.     There were no other agreements regarding the application of the Sentencing Guidelines or other enhancements or reductions that may be raised at the time of sentencing.

12.     Defendant acknowledged that he is satisfied with his attorney and that he has had a full opportunity to discuss all facets of his case and details of the plea agreement with his attorney.

13.     Defendant further acknowledged that he understands that in the event the District Judge does not accept the parties' recommendations or sentences him to terms that are greater than he anticipated, that will not be grounds for withdrawal of his guilty plea.

14.     Defendant acknowledged that he agrees to forfeit to the United States, voluntarily and immediately, all rights, title, and interest in any property, real or personal, which constitutes or is derived from proceeds traceable to the commission of the offenses, in violation of Title 18, United States Code, Section 1201, pursuant to Title 18, United States Code, Section 981(a)(l)(C), as incorporated by Title 28, United States Code, Section 2461(c), and in violation of Title 8, United States Code, Section 1324, pursuant to Title 18, United States Code, Section 982(a)(6), as incorporated by Title 28, United States Code, Section 2461(c), as set forth in paragraph 10 of the plea agreement. Defendant acknowledged that he has agreed to cooperate with the Government in the forfeiture of the aforementioned property. Defendant acknowledged that such assistance will involve his agreement to the entry of an order enjoining the transfer or encumbrance of assets that may be identified as being subject to forfeiture. Defendant further acknowledged that he agrees to identify as being subject to forfeiture all such assets, and to assist in the transfer of such property to the United

States by delivery to this Office upon this Office's request, all necessary and appropriate documentation with respect to said assets, including consents to forfeiture, quit claim deeds and any and all other documents necessary to deliver good and marketable title to said property.

15. Defendant acknowledged that he agrees that forfeiture is independent of any assessment, fine, cost, restitution, or penalty that may be imposed by the Court and that he knowingly and voluntarily agrees to waive all constitutional, legal, and equitable defenses to forfeiture, including excessive fines under the Eighth Amendment to the United States Constitution. Defendant further acknowledged that he agrees to waive: any applicable time limits for administrative or judicial forfeiture proceedings, the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a), and any appeal of the forfeiture. The undersigned finds Defendant's waiver of Eighth Amendment rights was knowing and voluntary.

16. Defendant acknowledged that he is aware that Title 28, United States Code, Section 1291 and Title 18, United States Code, Section 3742 afford Defendant the right to appeal the sentence imposed in this case. Defendant acknowledges that, in exchange for the undertakings made by the United States in this plea agreement, he hereby waives all rights conferred by Sections 1291 and 3742 to appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure or an upward variance from the advisory guidelines range that Judge Altonaga establishes at sentencing. Defendant acknowledges that nothing in this agreement shall affect the Government's right or duty to appeal as set forth in Title 18, United States Code, Section 3742(b) and Title 28, United States Code, Section 1291. Defendant further acknowledges,

however, that if the Government appeals Defendant's sentence pursuant to Sections 3742(b) and 1291, Defendant shall be released from the above waiver of his right to appeal his sentence. The undersigned finds Defendant's waiver of his right to appeal the sentence imposed in this case and his right to appeal his conviction in the aforementioned manner was knowing and voluntary.

17. Defendant acknowledges he hereby waives all rights conferred by Title 28, United States Code, Section 1291 to assert any claim that (1) the statute(s) to which Defendant is pleading guilty is/are unconstitutional; or (2) the admitted conduct does not fall within the scope of the statute(s) of conviction.

18. Defendant acknowledges that pleading guilty may have consequences with respect to his immigration status if he is not a United States citizen and that the offense to which he is pleading guilty constitutes a removable offense under federal law. Defendant acknowledges, however, that removal and other immigration consequences are the subject of a separate proceeding and that no one, including Defendant's attorney or the Court, can predict to a certainty the effect of his conviction on his immigration status. Knowing this, Defendant nonetheless affirms his intent to enter this plea of guilty.

19. Based upon all of the foregoing and the plea colloquy conducted by this Court, the undersigned finds that Defendant is fully competent and capable of entering an informed plea, that Defendant is aware of the nature of the charge and the consequences of the plea, and that the plea of guilty is a knowing and voluntary plea supported by an independent basis in fact containing each of the essential elements of the offense.

20. Therefore, the undersigned recommends that Defendant be found to have freely and voluntarily entered his guilty plea to Count 1 of the Second Superseding Indictment

filed in this case, as more particularly described herein, and that Defendant be adjudicated guilty of the offense as charged.

21. A pre-sentence investigation report will be prepared for the District Court by the United States Probation Office. The sentencing date will be set by separate order.

22. Although this Report and Recommendation is entered this 22nd day of September, 2023, the undersigned announced the Recommendation herein on the record at the change of plea hearing on September 21, 2023, and, therefore, this Recommendation is effective as of that date.

The parties will have five (5) calendar days from the date of the change of plea hearing (September 26, 2023) within which to file written objections, if any, for consideration by the United States District Judge. Pursuant to Federal Rule of Criminal Procedure 59(b), Eleventh Circuit Rule 3-1, and accompanying Internal Operating Procedure 3, the parties are hereby notified that failure to object in accordance with 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985).

**RESPECTFULLY SUBMITTED** in Chambers at Miami, Florida, this 22nd day of September 2023.

                                                                          MELISSA DAMIAN
                                                                          UNITED STATES MAGISTRATE JUDGE

Copies to:
Hon. Cecilia M. Altonaga, *Chief U.S. District Judge*
Counsel of Record